IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TONYA MARIE MANNINA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-693-RGA |
| SAFEWAY COMPANY, | : |
| Defendant. | : |

Tonya Marie Mannina, Wilmington, Delaware. Pro Se Plaintiff.

Dean J. Shauger, Esquire, Ogletree, Deakins, Nash, Smoak & Stewart, Philadelphia, Pennsylvania. Counsel for Defendant.

**MEMORANDUM OPINION**

July 11, 2019
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Tonya Marie Mannina filed this employment discrimination action pursuant to 42 U.S.C. §§ 12101, et seq. (D.I. 2). Plaintiff appears *pro se* and has paid the filing fee. Before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5). (D.I. 15). Plaintiff has filed a motion for leave to file an amended complaint and to apply the pending motion to dismiss to her proposed amended complaint. (D.I. 17). Briefing is complete.

## BACKGROUND

Plaintiff sought leave to proceed *in forma pauperis* when she commenced this action. (D.I. 1). The motion was denied on My 14, 2018, and Plaintiff paid the filing fee on June 6, 2018. (D.I. 4). On August 24, 2018, Plaintiff moved to extend time to serve Defendant. (D.I. 5). The motion was granted on August 30, 2018, and Plaintiff was given 45 days from the date of the order to effect service. (D.I. 6). On October 1, 2018, when Plaintiff sought a second extension of time to serve Defendant, she was given 30 days from the date of the October 3, 2018 order. (D.I. 7, 8).

On November 9, 2018, the Court entered an order for Plaintiff to show cause why the case should not be dismissed for failure to prosecute. (D.I. 9). In turn, Plaintiff filed a third motion for an extension of time to serve Defendant. (D.I. 10). Plaintiff was given 45 days from the date of the November 27, 2018 order to serve Defendant and warned that if Defendant was not served the case would be dismissed without prejudice. (D.I. 11). Plaintiff was also advised the Court would not grant further motions to extend the time to serve Defendant. (*Id.*). On January 16, 2019, Plaintiff filed a proof of service that Defendant had been served via certified mail on January 9, 2019. (D.I. 14).

1

The declaration of Stephanie Ridoré, Safeway, Inc.'s Director Government Affairs and Labor Relations, states that on January 9, 2019, she received an envelope addressed to her at an address in Lanham, Maryland, containing service documents for case. (D.I. 16-1 at 2). The service documents were delivered by certified mail and signed for by John Jackson, not Ridoré. (D.I. 14 at 2). The documents included a summons, a notice, consent, and reference of a dispositive motion to a magistrate judge form, and notice of electronic filing. (D.I. 16-1 at 2). The envelope did not contain a copy of the Complaint. (*Id.*).

Ridoré states that she is not authorized to receive service of process on behalf of Safeway and she is not the resident agent, president, secretary, or treasurer of Safeway. (*Id.* at 3). Ridoré states that Safeway is incorporated in the State of Delaware and has appointed The Corporation Trust Company as its registered agent authorized to receive process in the State of Delaware. (*Id.*).

Defendant filed its motion to dismiss on January 30, 2019, pursuant to Fed. R. Civ. 12(b)(4) and 12(b)(5) for Plaintiff's failure to serve Defendant as required by Fed. R Civ. P. 4(c)(1) and 4(h). (D.I. 15). Plaintiff did not file an opposition to the motion. Instead, she filed a motion for leave to amend, with an attached proposed amended complaint, and asks the Court to apply the pending motion to dismiss to her proposed amended complaint. (D.I. 17).

**LEGAL STANDARDS**

A defendant may file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) when a plaintiff fails to properly serve it with the summons and complaint. A plaintiff "is responsible for having the summons and complaint served within the time allowed by

Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Fed. R. Civ. P. 4(m) imposes a 90-day time limit for perfection of service following the filing of a complaint. If service is not completed within that time, the action is subject to dismissal without prejudice. *See id.*; *see also MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

## DISCUSSION

Defendant moves to dismiss on the grounds that Plaintiff failed to serve it with the complaint and, therefore, did not complete service within the time prescribed. It also moves to dismiss on the grounds that as a corporation Plaintiff did not properly serve it pursuant to Rule 4(h) under either Maryland or Delaware law.

Federal Rule of Civil Procedure 4(c)(1) states that a "summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(h) permits service of a corporation (1) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1).

Service of a corporation under Maryland law requires delivery of the complaint upon a person expressly or impliedly authorized to receive service of process and, when by mail, by certified mail requesting restricted delivery that shows to whom, date, and address of delivery. *See* Maryland Circuit Court Rule 2-121(a), 2-124(d). Delaware law does not contemplate service by mail. *See* 8 Del. C. § 321; 10 Del. C. § 3111.

3

Rule 4(m) states that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Fed. R. Civ. P. 4(m). While courts should grant *pro se* plaintiffs leniency in considering their filings, *pro se* plaintiffs are nevertheless expected to "follow the rules of procedure and the substantive law[.]" *Thompson v. Target Stores*, 501 F. Supp. 2d 601, 603 (D. Del. 2007). This Court has held that the *pro se* status of a plaintiff "does not excuse his failure to . . . effectuate service in accordance with the Federal Rules." *Id.* at 604.

Here, Plaintiff was given three extensions of time to properly serve Defendant. Upon the third extension she was warned there would be no further extensions for her to serve Defendant and that the matter would be dismissed if Defendant was not served. Plaintiff cannot escape the fact that Defendant was not properly served under either Rule 4(c)(1) or 4(h). Under federal, Maryland, and Delaware law, proper service requires that Defendant receive a copy of the complaint. The record evidence is that it did not. Nor was Defendant, a corporation, properly served under Maryland or Delaware law. Plaintiff did not use restricted certified mail as required by Maryland law and Delaware does not contemplate service by mail. Finally, service was attempted on an individual who is not authorized to accept service for Defendant.

Plaintiff does not refute the Ridoré affidavit nor provide any reason why Defendant was not served with a copy of the Complaint or why it was not served

4

properly under federal, Maryland, or Delaware law. In her motion for leave to amend, Plaintiff "concedes error of process," but contends she made a good faith effort to serve Defendant because she "made multiple attempts to inquire and obtain the proper and legal recipient of [her] complaint to receive summons," and blames Defendant for failing to provide information which "compelled" her to serve Ridoré. (D.I. 18 at 2). The documents provided by Plaintiff indicated that she began her search on whom to serve on January 4, 2019, a scant week prior to the 45 day deadline for Plaintiff to serve Defendant. (D.I. 18-1 at 2-9).

The Court must first determine whether there is good cause for the failure to properly serve and, second, if no good cause is found, may, at its discretion, either grant an extension for service or dismiss the case without prejudice. *See Petrucelli v. Bohringer & Ratzinger*, 46 F3d 1298, 1305 (3d Cir. 1995). Here, Plaintiff seeks leave to amend when the issue is the failure to properly serve Defendant. When Plaintiff was given her third, and final extension, she was warned this matter would be dismissed if Defendant was not served within 45 days from November 27, 2018. It was not.

The Court finds that Plaintiff failed to show good cause for her failure to timely and properly serve Defendant. She was given ample opportunity, but in keeping with her practice throughout this litigation, delayed searching for the proper way to effect service until a mere week before the expiration of the last deadline allowed by the Court. (*See* D.I. 18-1, Exhibit 1 (telephone and internet search records from the first week of January 2019)). Plaintiff was warned that this matter would be dismissed without prejudice. She did not heed the warning. Accordingly, the Court will exercise its

discretion and dismiss the matter without prejudice for Plaintiff's failure to timely and properly serve Defendant.

Defendant's motion to dismiss will be granted. Plaintiff's motion for leave to amend will be dismissed as moot.

## CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 15); and (2) dismiss as moot Plaintiff's motion for leave to amend (D.I. 17).

An appropriate order will be entered.